NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-85

STATE OF LOUISIANA

VERSUS

DARRELL LAMONT ALGERE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-61
HONORABLE EDWARD LEONARD, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED.

Walter J. Senette, Jr.
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, LA 70538
(337) 828-4100, Ext. 550
Counsel for Appellee:
    State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**P.O. Box 719**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
     **Darrell Lamont Algere**

**Darrell Lamont Algere**
**IN PROPER PERSON**
**Louisiana State Prison**
**CBA-LL2**
**Angola, LA 70712**

**DECUIR, Judge.**

Defendant, Darrell Lamont Algere, was adjudicated a second felony offender and sentenced to seventy-five years imprisonment at hard labor. Defendant did not file a motion to reconsider the sentence.

Defendant has perfected a timely appeal wherein he argues that the sentence of seventy-five years at hard labor is constitutionally excessive under the circumstances of his case.

## FACTS

On March 2, 2006, Defendant was convicted of second degree battery. On May 13, 2008, Defendant was convicted of attempted second degree murder. On June 19, 2008, the State filed a bill of information alleging Defendant was a second felony offender pursuant to La.R.S. 15:529.1. Defendant was sentenced as a second felony offender on August 5, 2008, to seventy-five years imprisonment.

## ASSIGNMENT OF ERROR

Defendant argues that the sentence of seventy-five years is excessive under the circumstances of his case.

We find that Defendant did not file a motion for reconsideration of the sentence pursuant to La.Code Crim.P. art. 881.1. Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Absent a timely motion for reconsideration, this court is precluded from a review of the sentence on appeal. *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59.

## DECREE

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.